UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR MIGUEL GARCIA
MEDRANO,

    Petitioner,

v.                                                Case No. 8:25-cv-2714-KKM-AEP

ANAILYS BLANCO GARCIA,

    Respondent.
_____

# ORDER

On October 6, 2025, Victor Miguel Garcia Medrano filed a verified petition for the return of his minor child, M.F.G.B., to Mexico under the Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 and the International Child Abduction Remedies Act (ICARA), 22 U.S.C. §§ 9001–11. *See generally* V. Pet. (Doc. 10-1).[1] Alleging that M.F.G.B resided in Tampa, Florida, with his mother, Anailys Blanco Garcia, Garcia Medrano requested a temporary restraining order (TRO) prohibiting M.F.G.B.'s removal from this jurisdiction, an order directing the United States Marshal to serve the TRO and petition on M.F.G.B.'s mother, and an evidentiary hearing on the petition.

---

[1] An earlier version of Garcia Medrano's petition, (Doc. 3), was stricken for noncompliance with Federal Rule of Civil Procedure 5.2(a).

1

V. Pet. at 22–23. On October 14, 2025, I granted Garcia Medrano's requested relief and scheduled a hearing. *See* TRO (Doc. 9); *see also* (Doc. 11) (extending the TRO for an additional week). However, because the United States Marshal has been unable to locate either M.F.G.B. or the respondent at the address provided by Garcia Medrano, I dismiss the petition for lack of jurisdiction.

In enacting ICARA, Congress granted federal district courts jurisdiction to review petitions for return filed by the parents of abducted children pursuant to the Hague Convention. *See* 22 U.S.C. §§ 9001(b)(1), 9003(a). But "[f]or a parent whose child has been abducted to a foreign country, taking advantage of [the] return remedy" provided by ICARA "is no easy task." *Fernandez v. Bailey*, 909 F.3d 353, 359 (11th Cir. 2018). "Because ICARA requires reviewing courts to have personal jurisdiction over the abducted child, a parent can only file a return petition in the district where the child is located." *Id.* (citing *Pielage v. McConnell*, 516 F.3d 1282, 1286 (11th Cir. 2008)); *see Skolnick v. Wainer*, No. CV 2013-4694 WFK MDG, 2013 WL 5329112, at *1 (E.D.N.Y. Sept. 20, 2013) (collecting cases dismissing ICARA petitions filed in districts where the children were not located); *see also Oviedo v. Rivera*, No. 1:22-CV-214, 2023 WL 2431819, at *6 (S.D. Ohio Mar. 9, 2023) (finding that the court "cannot proceed until the Court establishes its authority to exercise jurisdiction, *i.e.*, an accurate location for Respondent and [the minor child] is determined, and Respondent is made aware of the case"). So, "for a foreign

parent [like Garcia Medrano] seeking the return of their child from the United States to [his] country, this means that the foreign parent cannot petition until they locate their missing child, a task that frequently proves to be difficult and time consuming." *Fernandez*, 909 F.3d at 359. That much has proven true here.

In filing his petition, Garcia Medrano provided this Court with Blanco Garcia and M.F.G.B.'s suspected address, an apartment unit in Tampa, Florida. *See* Proposed Summons (Doc. 4). On October 16, the United States Marshals Service "attempted to serve the Respondent at the address listed above; however, the occupants of the residence informed the United States Marshal that the Respondent has never lived at that address and that they do not know her current whereabouts." Mot. for Issuance of Subpoena (Doc. 23) at 2. Based on the inability "to locate and serve" the respondent, I directed Garcia Medrano to provide notice of her "last-known address in the Middle District of Florida." (Doc. 11). Garcia Medrano's notice lists the same address, *see* (Doc. 22), and he now moves to subpoena the two occupants at that address, Odalys De La Caridad Garcia Prieto and Ricardo Blanco Medina, to appear and testify at the scheduled hearing, Mot. for Issuance of Subpoena at 2–3.

While I infer from Garcia Medrano's request that he believes that those two individuals might possess information about M.F.G.B.'s whereabouts, M.F.G.B.'s location within this district is a jurisdictional prerequisite, not a permissible object of court-sponsored investigation. *See Fernandez*, 909 F.3d

3

353; *see also U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[T]he subpoena power of a court [under Rule 45] cannot be more extensive than its jurisdiction."). Garcia Medrano provides no authority for the proposition that this Court may hold an ex parte hearing in the ICARA context without securing personal jurisdiction over the respondent, M.F.G.B.'s mother. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."); *see also Oviedo*, 2023 WL 2431819, at *6 (refusing to proceed in ICARA context until "Respondent is made aware of the case").

Ultimately, because I cannot discern that M.F.G.B. was present in the Middle District of Florida at the time Garcia Medrano filed his petition, I dismiss the petition without prejudice for lack of jurisdiction. The TRO is dissolved as null and void, and the evidentiary hearing is cancelled. *See In re Novak*, 932 F.2d 1397, 1401–02 (11th Cir. 1991) (orders entered without jurisdiction are deemed a nullity).

Accordingly, the following is **ORDERED**:

1. The Temporary Restraining Order (Docs. 9, 11) is **DISSOLVED**.
2. Garcia Medrano's Verified Petition (Doc. 10) is **DISMISSED without prejudice.** Garcia Medrano may refile a petition upon locating M.F.G.B.

3. The evidentiary hearing scheduled for November 4, 2025, is **CANCELLED**.

4. Garcia Medrano's Motion to Extend the TRO (Doc. 12), Motions for Issuance of Subpoenas (Docs. 13–20, 23), Motion to Appear Virtually (Doc. 21), and Motion for an Interpreter (Doc. 24) are **DENIED as moot.**

5. The Clerk is directed to enter judgment, which shall read "This petition is dismissed without prejudice," to terminate any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 31, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge